AMOS THORP AND WILLIAM SMALLWOOD *vs.* JOSEPH PETTIT.

1. A party, who seeks the specific performance of a contract, must show that he has performed, or been ready and willing to perform, all the essential terms of the contract.

2. The answer of the defendant being directly responsive to the allegations of the bill, and a full denial of its equity, injunction dissolved.

The bill in this cause was filed to restrain the defendant from the commission of certain acts, alleged to be in violation of an agreement with the complainants, and to compel a specific performance of the agreement. An injunction was issued pursuant to the prayer of the bill. The defendant having answered, now moves to dissolve the injunction.

*Carpenter,* for defendant, in support of the motion.

A bill for specific performance rests on the complainant's having faithfully performed the contract on his part. 1 *Story's Eq.,* § 736; *Batten on Spec. Perf.* 108.

Having failed to perform their part of the contract, the complainants became mere trespassers, and would be liable in that character, but for the receipt for rent given by the defendant. *Taylor on Land. & Ten.,* § 21–4; *Archbold's Land. & Ten.* 58–9; *Doe* v. *Pullen,* 2 *Bing. N. C.* 749.

The complainants' have, under their agreement, a mere equitable interest. There is no part performance. They are in possession under the old lease. *Archbold's Land. & Ten.* 57; 3 *Zab.* 112.

The contract will not be enforced. 6 *Vesey* 548; 12 *Vesey* 464.

*Browning,* for complainant, contra.

THE CHANCELLOR. The bill charges that in the year 1862, one Joseph D. Pancoast, being in possession of a grist mill of the defendant, situated in the city of Salem, under a lease which expired on the 25th of March, 1862, the defendant entered into a parol agreement with the complainants, that if they would purchase the interest of Pancoast, he, the defendant, would lease the premises to the complainants at a specified rent for the term of three years and six months, to commence on the 25th of September, 1861, and to end on the 25th of March, 1865; and that he, the defendant, would not, at the said city of Salem, engage in or carry on the business of grinding grain for toll, commonly called "grist work," or of selling flour or feed, except the offal of such grain as he might grind in conducting a merchant milling business at

said city. It was further agreed that Pettit should draw the proper writings to carry the agreement into effect, and have them ready for execution on, or before, the 25th of September, 1861, at which time the complainants agreed to give the defendant satisfactory security for the performance of the agreement on their part. That at the time specified the complainants were ready to execute the agreement, and to give security for its due performance upon their part. That the defendant produced two papers, bearing date on the 25th of September, 1861; one a lease for six months from that date, and the other a lease for three years from the 25th of March, 1862—the two terms together making the term of three years and six months, for which the defendant had agreed to lease the premises to the complainants. That the lease for six months was then executed; but both the said leases omitting the stipulation on the part of the defendant, not to carry on at Salem the business of grinding grain for toll, or of selling flour or feed, as above stated, the lease for three years was not executed, but the execution thereof was postponed until the covenant on the part of the defendant should be prepared, and both instruments be executed together. That the complainants thereupon entered into possession of the demised premises, and continue, under and in part execution of their agreement with the defendant, to hold the same as tenant of the defendant, as if the said lease and covenant had been executed, and have paid the rent, and done and performed all the covenants on their part, as if the said lease and agreement had been executed. But the defendant subsequently refused to execute the said lease for three years, or to execute and deliver the covenant on his part not to engage in the business of grinding grain for toll, or of selling flour and feed.

The bill further charges that the defendant, in violation of his agreement, has commenced, and is carrying on, at said city, the business of grinding grain for toll, and of selling flour and feed, and prays that he be restrained from such violation of his agreement with the complainants; that he

may account to the complainants for all the grain so ground, and flour and feed so sold, and pay to the complainants the damages they have sustained by reason thereof; and that the defendant may be decreed specifically to perform his agreement with the complainants touching the said lease. An injunction was issued pursuant to the prayer of the bill. The defendant having answered, now moves to dissolve the injunction.

The defendant, by his answer, states that he executed the lease for six months, and that the complainants entered into possession of the demised premises by virtue thereof, and that he subsequently refused to execute the lease for three years, because the complainants failed to furnish the security for the performance of their contract, which they agreed to do. The answer further alleges, that since the complainants have been in possession they have not paid the taxes upon the premises, nor made repairs thereof, as by their agreement they were bound to do.

It is incumbent on a party who seeks the specific performance of a contract to show that he has performed, or been ready and willing to perform, all the essential terms of the contract on his part. 1 *Fry on Spec. Perf.* 270, § 608; *Batten on Spec. Perf.* 108; 1 *Story's Eq. Jur.*, § 736. Upon this point the answer is directly responsive to the allegations of the bill, and is a full denial of its equity.

The injunction must be dissolved.